## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SALVATORE CHIMENTI, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | Judge John R. Padova |
| | : | |
| PA DOC, *et al.*, | : | NO. 15-03333 |
| | : | |
| Defendants | : | |

## DOC DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

### Background

Plaintiffs are Salvatore Chimenti, Daniel Leyva, David Maldonado and other inmates with Chronic Hepatitis C viral infection (HCV). Named DOC Defendants are the Pennsylvania Department of Corrections (DOC), Secretary John Wetzel, the Chief Medical Director Dr. Paul Noel and Infection Control Coordinator Rich Wenhold.

Plaintiffs filed an amended complaint. DOC Defendants filed a motion to dismiss. This brief is filed in support.

Plaintiffs allege by policy and practice Defendants deny necessary medical treatment for inmates with HCV. More specifically, they allege the rationing of breakthrough direct acting anti-viral drugs (DAADs). Plaintiffs essentially seek an order directing DOC to implement a policy that meets community standards, that

they be treated with DAADs and that they be further monitored and evaluated for possible liver transplant.

In Count 1, Plaintiffs allege all Defendants were deliberately indifferent to their serious medical needs in violation of the Eighth Amendment.  In Count 2, Plaintiffs allege all Defendants violated their rights under the Pennsylvania Constitution Article 1 section 13.  In Count 3, Plaintiffs allege all Defendants committed medical malpractice.

## <u>Statement of the Questions Presented</u>

1.   Should Count 1 deliberate indifference be dismissed?

   Suggested answer: Yes.

2.   Should Count 2 under the Pennsylvania Constitution be dismissed?

   Suggested answer: Yes.

3.   Should Wetzel be dismissed from Count 3 negligence?

   Suggested answer: Yes.

4.   Should DOC be dismissed?

   Suggested answer: Yes.

5.   Should Wenhold be dismissed?

   Suggested Answer: Yes.

## Argument

Rule 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). While a complaint attacked by a motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* A civil rights complaint is adequate where it states the conduct, time, place, and persons responsible. *Evancho v. Fisher*, 423 F.3d 347 (3d Cir. 2005).

When considering a motion to dismiss under rule 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff. *Id.* The motion should be granted if it appears to a certainty that no relief could be granted under any set of facts which could be proved. *Id.* However, the court need not credit either bald assertions or legal conclusions in a complaint when deciding a motion to dismiss. *Id.*

Individual government defendants in a civil rights action must have personal involvement in the alleged wrongdoing. *Id.* Liability cannot be predicated solely on the operation of respondeat superior. *Id.* Personal involvement can be shown

3

through allegations of personal direction or of actual knowledge and acquiescence. *Id.*

A plaintiff must plead defendants through their own actions violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not shown that the pleader is entitled to relief. *Id.*

1.    <u>Count 1 deliberate indifference should be dismissed.</u>

The case as now presented in the amended complaint is substantially different from the case initially presented in the original complaint that survived a motion to dismiss. The original complaint basically alleged DOC did not have a policy to treat inmates with HCV, did not treat Plaintiffs or other inmates for their HCV and did not treat or provide any inmates with DAADs. The amended complaint concedes several material facts that should result in dismissal of the deliberate indifference claims.

The amended complaint admits DOC has a written policy covering the treatment of inmates with HCV. It admits some inmates have received DAADs. Indeed, it is admitted the lead plaintiff, Chimenti, has received DAADs. Though it is not mentioned that he completed the treatment regimen with so far positive results.

The amended complaint deleted the assertion that DOC refuses to provide treatment consistent with the Federal Bureau of Prisons (FBOP). In fact, DOC's policy is influenced if not modeled after the FBOP in that both are prioritization policies. Thus, Plaintiffs can no longer make this assertion.

Nevertheless, Plaintiffs contend Defendants are deliberately indifferent because the policy prioritizes treatment with DAADs because of cost, is not consistent with community standards and the way the policy has been interpreted in a recent opinion from the Middle District. Even accepting the allegations as true, Plaintiffs fail to state a claim. Cost may be considered, community standard does not control and the court in *Abu-Jamal* is not persuasive where it misunderstood and/or misinterpreted DOC's policy and is against the weight of existing case law.

A prison official's deliberate indifference to an inmate's serious medical needs constitutes a violation of the Eighth Amendment and states a cause of action under § 1983. *Estelle v. Gamble* 429 U.S. 97 (1976). The Eighth Amendment

claim has objective and subjective components. First, Plaintiff must show that his medical need is, objectively, "sufficiently serious." *Farmer v. Brennan* 511 U.S. 825 (1994). Second, he must establish that Defendant acted with subjective deliberate indifference, that is, that she was aware of a substantial risk of serious harm to Plaintiff but disregarded that risk by failing to take reasonable measures to abate it. *Id.*

This Court is very familiar with deliberate indifference to serious medical needs in the prison context:

> "Deliberate indifference can be shown by a prison official 'intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.'" *Stones v. McDonald*, 573 F. App'x 236, 237 (3d Cir. 2014) (per curiam) (quoting *Estelle*, 429 U.S. at 104-05). "However, '[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Positano v. Pa. Cardiothoracic Surgery, Inc.*, 610 F. App'x 191, 193 (3d Cir. 2015) (per curiam) (alteration in original) (quoting *United States ex rel. Walker v. Fayette Cty.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979)).

"A medical need is serious if it is one that 'has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *Stones*, 573 F. App'x at 237 (quoting *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)). Moreover, the medical need "'must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death.'" *Tsakonas v. Cicchi*, 308 F. App'x 628, 632 (3d Cir. 2009) (quoting *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991)).

A prison official acts with deliberate indifference to a serious medical need "when he knows of and disregards an excessive risk to inmate health or safety." *Brown v. Thomas*, 172 F. App'x 446, 450 (3d Cir. 2006) (citing *Farmer*, 511 U.S. at 837). "The official must be aware of the facts from which an inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (citation omitted). "[D]eliberate indifference 'requires obduracy and wantonness, which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk.'" *Baez v. Falor*, 566 F. App'x 155, 158 (3d Cir. 2014) (quoting *Rouse v.*

*Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). Accordingly, negligence or medical malpractice is not sufficient to establish deliberate indifference. *Rouse*, 182 F.3d at 197; see also *Farmer*, 511 U.S. at 835 (stating that "Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety'" (quoting *Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)). "'Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment.'" *Bonadonna v. Zickefoose*, 601 F. App'x 77, 79 (3d Cir. 2015) (per curiam) (alteration in original) (quoting *Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)). Thus, "[t]he deliberate indifference 'test affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients.'" *Beckett v. Pennsylvania Dep't of Corrs.*, 597 F. App'x 665, 668 (3d Cir. 2015) (citing *Inmates of Allegheny Cty. Jail*, 612 F.2d at 762).

*O'Leary v. Wexford Health Sources, Inc.*, 2017 U.S. Dist. LEXIS 5911 (E.D. Pa. January 17, 2017). Additionally, this Court has noted mere disagreement with a course of treatment does not suffice to support an Eighth Amendment claim for

denial of medical care. *Arnold v. Green*, 2011 U.S. Dist. LEXIS 116975 (E.D. Pa. October 11, 2011).

Plaintiffs mischaracterize DOC policy as "rationing" DAADs. To the contrary, DOC policy is to treat all inmates with HCV. Use of DAADs is prioritized based on medical need.

DOC must be prudent in its use of not unlimited resources. Plaintiffs are approximately 5400 HCV infected inmates that seek DAADs immediately, as opposed to over the next several years. DAADs costs approximately $55,000.00 per individual treatment regimen. Thus, the total cost of the requested relief amounts to expending approximately 300 million dollars in one fiscal year.

Initially, it must be noted that not every Plaintiff has a medical need that is objectively "sufficiently serious." That is because not every inmate with chronic HCV will develop cirrhosis. For those that do, it will take 10 to 20 years. Thus, there is no urgent medical need to treat every Plaintiff with DAADs immediately.

In any event, cost is a permissible factor in deciding how many inmates will receive DAADs in a given fiscal year. See, *Brown v. Beard*, 445 Fed. Appx. 453 (3d Cir. 2011)(the mere assertion that defendants considered cost in treating Brown's hernia does not suffice to state a claim for deliberate indifference, as prisoners do not have a constitutional right to limitless medical care); *Winslow v.*

*Prison Health Servs. (PHS)*, 406 Fed. Appx. 671 (3d Cir. 2011)(("[I]t is not a constitutional violation for prison authorities to consider the cost implications of various procedures, which inevitably may result in various tests or procedures being deferred unless absolutely necessary."); *Brower v. Corizon Health Servs.*, 2016 U.S. Dist. LEXIS 128659 (E.D. Pa. September 20, 2016)(Because it is not a violation of federal law to consider costs, Brower must plead facts that meet the deliberate indifference standard); *Gannaway v. PrimeCare Med., Inc.*, 150 F. Supp. 3d 511 (E.D. Pa. 2015)(This claim also fails as a matter of law, because weighing costs when making decisions about a prisoner's medical treatment does not show deliberate indifference.).

Additionally, it is a false premise that inmates are entitled to the same community medical standard of care as provided to non-incarcerated citizens. Plaintiffs' ultimate request for relief is that the Court order DOC to provide the same treatment that they would get if outside the prison walls.   The Eighth Amendment does not require the provision of medical care consistent with the community medical standard.

A government unit must provide medical care for those whom it is incarcerating. *Estelle.* However, such care need not be the best possible care. *Goff v. Bechtold*, 632 F.Supp. 697 (S.D. W.V. 1986).   It is not required to be perfect, the best obtainable, or even very good. *Hawley v. Evans*, 716 F. Supp. 601

(N.D. Ga. 1989)(Rejecting Plaintiffs' request for drug of their choice).  It only has to be reasonable care.  *Goff.*

Prisons are not required to give a prisoner medical care that is as good as he would get if he were a free person, let alone an affluent free person.  *Maggert v. Hanks*, 131 F.3d 670 (7th Cir. 1997).  The Eighth Amendment still does not require that a prisoner receive every medical treatment that he requests or that is available elsewhere.  *Bruton v. Gillis*, 2008 U.S. Dist. LEXIS 76819 (M.D. Pa. September 30, 2008).  Inmates cannot insist that they be provided with the most sophisticated care money can buy.  *Id.*  Likewise, inmates do not have a constitutional right to limitless medical care.  *Brown v. Beard*, 2011 U.S. App. LEXIS 19351 (3d Cir. September 20, 2011).

Similarly, Plaintiffs are not entitled to the drug of their choice.  See, *Stewart v. Kelchner*, 358 Fed. Appx. 291 (3d Cir. 2009)(Stewart's claim concerning the Bactrim prescription amounts, at most, to a disagreement over whether he received the best or most appropriate medical treatment for the MRSA infections. Mere disagreements between the prisoner and the treating physician over medical treatment do not rise to the level of deliberate indifference.); *Rozzelle v. Rossi*, 307 Fed. Appx. 640 (3d Cir. 2008)(Inmate denied his acne drug of choice); *Birckbichler v. Butler County Prison*, 2009 U.S. Dist. LEXIS 84949 (W.D. Pa. September 17, 2009)(Summary judgment granted where inmate sued over the

drugs he preferred for his AIDS treatment); *Ascenzi v. Diaz*, 2007 U.S. Dist. LEXIS 23475 (M.D. Pa. March 30, 2007)(A medical decision not to order an X-ray, or like measure, does not represent cruel and unusual punishment.).

Plaintiffs are not satisfied with DOC policy that provides for the testing and diagnosing of HCV, continued testing and monitoring of each inmate with HCV and prioritizing the providing of DAADs. Thus, this case is nothing more than 5400 Plaintiffs disagree with this treatment approach and desire DAADs immediately. Plaintiffs demand for different or immediate care is not enough to state a claim. *Smith v. Gonzales*, 2007 U.S. Dist. LEXIS 90591 (M.D. Pa. December 10, 2007)(The mere approval of Smith for the biopsy does not entitle him to be placed at the front of the line.).

There is nothing novel or unique about this case. There are numerous cases where inmates with HCV have sued demanding different treatment than testing and monitoring. These cases typically fail. See, *Lasko v. Watts*, 373 Fed. Appx. 196 (3d Cir. 2010); *Hodge v. United States DOJ*, 372 Fed. Appx. 264 (3d Cir. 2010); *Neeley v. Carrillo*, 2015 U.S. Dist. LEXIS 154967 (E.D. Pa. November 17, 2015); *Richards v. Pigos*, 2013 U.S. Dist. LEXIS 100158 (M.D. Pa. July 18, 2013); *Moshier v. United States*, 2007 U.S. Dist. LEXIS 102914 (W.D. Pa. May 15, 2007).

DAADs (Harvoni's) cure rate should not change this result. See,

*Maldonado v. Gatz*, 2016 U.S. Dist. LEXIS 164291 (N.D. Ohio November 29, 2016)(The Constitution does not guarantee that an inmate will enjoy good health during confinement, nor does it require prison officials to cure inmates of all their diseases and injuries.); *Bello v. Romeo*, 2008 U.S. Dist. LEXIS 116051 (W.D. Pa. December 3, 2008)(Whether plaintiff would admit it or not, his allegations show that he is receiving extensive medical care. He is not entitled to a cure.); R & R adopted by *Bello v. Romeo*, 2008 U.S. Dist. LEXIS 110672 (W.D. Pa. December 17, 2008); judgment affirmed in *Bello v. Romeo*, 424 Fed. Appx. 130 (3d Cir. 2011).   Indeed, in similar, cases, District Courts around the Country, including Pennsylvania, are ruling against inmates' requests for Harvoni.   See, *Lester v. Clarke*, 2017 U.S. Dist. LEXIS 12819 (W.D. Va. January 31, 2017); *Burnett v. Bishop*, 2017 U.S. Dist. LEXIS 13617 (D. Md. January 31, 2017); *Perotti v. O'Boyle*, 2017 U.S. Dist. LEXIS 11793 (N.D. Ohio January 26, 2017); *Burling v. Jones*, 2017 U.S. Dist. LEXIS 9989 (S.D. Tex. January 25, 2017); *Gonzales v. Corizon Health Care Providers*, 2017 U.S. Dist. LEXIS 8379 (D. N.M. January 18, 2017); *Watford v. N.J. State Prison*, 2017 U.S. Dist. LEXIS 4650 (D. N.J. January 12, 2017); *Insley v. Graham*, 2016 U.S. Dist. LEXIS 169640 (D. Md. December 8, 2016); *Taylor v. Rubenstein*, 2016 U.S. Dist. LEXIS 182530 (N.D. W.V. December 1, 2016); *Murray v. Pa. Dep't of Corr.*, 2016 U.S. Dist. LEXIS 159528 (W.D. Pa. November 16, 2016); *Fitch v. Blades*, 2016 U.S. Dist. LEXIS

183197 (D. Idaho October 27, 2016); *King v. Calderwood*, 2016 U.S. Dist. LEXIS 123993 (D. Nev. September 12, 2016); *Bernier v. Obama*, 2016 U.S. Dist. LEXIS 112829 (D. D.C. August 24, 2016); *Anderson v. Batista*, 2016 U.S. Dist. LEXIS 133897 (D. Mont. August 15, 2016); *Johnson v. Frakes*, 2016 U.S. Dist. LEXIS 102495 (D. Neb. August 4, 2016); *Allah v. Thomas*, 2016 U.S. Dist. LEXIS 76962 (E.D. Pa. June 14, 2016); *Banks v. Gore*, 2016 U.S. Dist. LEXIS 73468 (E.D. Va. June 3, 2016); *Smith v. Corizon, Inc.*, 2015 U.S. Dist. LEXIS 169699 (D. Md. December 17, 2015); *Harrell v. Cal. Forensic Med. Grp., Inc.*, 2015 U.S. Dist. LEXIS 149084 (E.D. Cal. November 3, 2015); *New v. Shelton*, 2015 U.S. Dist. LEXIS 103745 (D. Or. August 7, 2015); *Dulak v. Corizon Inc.*, 2015 U.S. Dist. LEXIS 131291 (E.D. Mich. July 10, 2015). Several of these cases were at the motion to dismiss stage.

However, Plaintiffs cite to a recent Middle District opinion that granted a preliminary injunction requiring DOC to provide DAADs to the plaintiff. *Abu-Jamal v. Wetzel*, 2017 U.S. Dist. LEXIS 368 (M.D. Pa. January 3, 2017). In that opinion, the court was very critical of DOC's HCV protocol, to say the least. *Id.* Regardless, this decision is not dispositive of this motion or case.

*Abu-Jamal* is not binding precedent on this Court. As evidenced by the previously cited cases and argument, *Abu-Jamal* is a decision contrary to the overwhelming weight of authority. *Abu-Jamal* is pending appeal. The court in

*Abu-Jamal* misunderstood and/or misinterpreted DOC's policy and ignored DOC's interpretation of its own policy which is to be afforded great weight. *El-Ganayni v. United States DOE*, 591 F.3d 176 (3d Cir. 2010)(courts give substantial deference to an agency's interpretation of its own regulations, and must accept the agency's interpretation as controlling unless it is plainly erroneous or inconsistent with the regulation); *Massi v. Hollenbach*, 2008 U.S. Dist. LEXIS 60463 (M.D. Pa. August 1, 2008). Thus, this opinion should be ignored.

Finally, it must be noted Chimenti received DAADs and completed the treatment regimen. He is the only Plaintiff seeking monetary damages. Defendants are entitled to qualified immunity for any damage claim.

Qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Montanez v. Thompson*, 603 F.3d 243 (3d Cir. 2010). A court must decide whether the facts as alleged or shown make out a constitutional violation. *Id.* Also, the court must decide whether the issue was clearly established at the time of the alleged misconduct. *Id.* The courts may decide these questions in either order. *Id.*

The basic thrust of qualified immunity is to free officials from the concerns and burdens of litigation. *Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60 (3d Cir. 2010). High level officials must be neither

15

deterred nor detracted from the vigorous performance of their duties. *Id.* Based on the amended complaint admitting treatment and above cited cases, there is no constitutional violation, nor would a reasonable person have known they were violating clearly established law. *Maskelunas v. Wexford Health Source, Inc.*, 2015 U.S. Dist. LEXIS 147673 (W.D. Pa. October 8, 2015)(Right now I have the first few complaints (and there will be more) from inmates who seek treatment with Harvoni. Regardless of the eventual development of the Eighth Amendment law on the question of injunctive relief in those cases, qualified immunity law makes it impossible to impose liability for damages on medical providers trying to decide whether and when to use these new treatments.).

Plaintiffs admit both Leyva and Maldonado received FDA approved drugs in the past. Thus, they necessarily admit they have been treated. Per policy, they continue to be tested and monitored.

Leyva alleges certain symptoms such as pain, fatigue and jaundiced eyes. He does not allege denial of medicine to address the alleged symptoms. He simply alleges denial of DAADs. More importantly, he does not seek monetary damages. Rather, he only seeks the court to order DAADs.

Maldonado does not allege any injury. Rather, he merely alleges elevated liver enzymes. He does not seek monetary damages. He simply desires DAADs.

In sum, Plaintiffs case substantially changed from alleging denial of medical treatment to alleging rationing desired medical treatment.  For the reasons above, named Plaintiffs and others similarly situated fail to state a cause of action as they are not entitled to their request for injunctive relief.   Count 1, deliberate indifference should be dismissed.

2.    Count 2 under the Pennsylvania Constitution should be dismissed.

Count 2 alleges a violation of Article 1 section 13 of the Pennsylvania Constitution.    There is no private cause of action for damages under the Pennsylvania Constitution. *Pocono Mt. Charter Sch. v. Pocono Mt. Sch. Dist.*, 442 Fed. Appx. 681 (3d Cir. 2011); *Farrell v. County of Montgomery*, 2006 U.S. Dist. LEXIS 2122 (E.D. Pa. January 20, 2006).  Even if Plaintiffs seek only equitable relief through this Count, Count 2 is still barred by sovereign immunity.

Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct. *Pa. Const. Art. 1, § 11*.  Unless specifically waived, a Commonwealth party acting within the scope of their duties cannot be held liable in a civil action. *1 Pa.C.S. § 2310*.[1]  The specific waiver of sovereign immunity is expressly limited to certain provisions provided in the judicial code. *42 Pa.C.S. § 8521*.  There are nine express instances where

---

[1] Commonwealth Party is defined as "A Commonwealth agency and any employee thereof…" *42 Pa.C.S. § 8501*.

sovereign immunity has been waived. *42 Pa.C.S. § 8522*.[2] And they only apply to negligence suits for damages. *Id.*

Thus, Count 2 should be dismissed.[3]   See, *Cornish v. City of Phila.*, 2015 U.S. Dist. LEXIS 67547 (E.D. Pa. May 26, 2015)(Moreover, the Commonwealth has not waived this immunity with respect to equitable claims seeking affirmative action by way of injunctive relief. ... We will therefore dismiss in their entirety the state constitutional claims of Cornish against both DOC and the City which are pleaded in Count Five of his First Amended Complaint.); *Bonsavage v. Borough of Warrior Run*, 676 A.2d 1330 (Pa. Cmwlth. 1996)(Significantly, the General Assembly has not waived immunity for equitable claims seeking affirmative action by way of injunctive relief. Accordingly, we hold that the Bonsavages' claim for injunctive relief against the Department is also barred by sovereign immunity.).

---

[2] (1) VEHICLE LIABILITY; (2) MEDICAL-PROFESSIONAL LIABILITY; (3) CARE, CUSTODY OR CONTROL OF PERSONAL PROPERTY; (4) COMMONWEALTH REAL ESTATE, HIGHWAYS AND SIDEWALKS; (5) POTHOLES AND OTHER DANGEROUS CONDITIONS; (6) CARE, CUSTODY OR CONTROL OF ANIMALS; (7) LIQUOR STORE SALES; (8) NATIONAL GUARD ACTIVITIES; (9) TOXOIDS AND VACCINES. *42 Pa.C.S. § 8522(b)*.

[3] *Rycoline Prods. v. C & W Unlimited*, 109 F.3d 883 (3d Cir. 1997)(affirmative defense can be basis of a motion to dismiss where apparent on face of the complaint); *Turner v. Lopez*, 2015 U.S. Dist. LEXIS 86838 (M.D. Pa. May 6, 2015).

3.     Wetzel should be dismissed from Count 3 negligence.

In Count 3, Plaintiffs allege the Defendants were negligent, specifically for committing medical malpractice.   By using the term "Defendants", Plaintiffs necessarily include Secretary Wetzel.   Previously, the Court dismissed Secretary Wetzel from Count 3, negligence, in the original complaint.   Thus, for the same reasons as before, Wetzel should again be dismissed from Count 3 as he is not a licensed professional who provided medical care. *Green v. Fisher*, 2014 U.S. Dist. LEXIS 1764 (M.D. Pa. January 8, 2014); *Robus v. Pa. Dep't of Corr.*, 2006 U.S. Dist. LEXIS 49943 (E.D. Pa. July 20, 2006).

Additionally, even if Plaintiffs seek only equitable relief, the doctrine of sovereign immunity also bars any negligence claim for injunctive relief against Wetzel under Count 3.   See, *Rooney v. City of Phila.*, 623 F. Supp. 2d 644 (E.D. Pa. 2009); *Swift v. DOT*, 937 A.2d 1162 (Pa. Cmwlth. 2007)(The General Assembly has not waived immunity for equitable claims seeking affirmative action by way of injunctive relief.).   Thus, Wetzel should be dismissed from Count 3, negligence.

4.     DOC should be dismissed.

Plaintiffs sued DOC.   However, DOC is not a proper party where it is not a person for section 1983 purposes and is entitled to Eleventh Amendment immunity.   Thus, DOC should be dismissed.   See, *Mendez v. Pa. Dep't of Corr.*,

233 Fed. Appx. 159 (3d Cir. 2007)(a state agency is not a proper party in a § 1983 action); *Guider v. Dep't of Corr.*, 2007 U.S. Dist. LEXIS 48490 (M.D. Pa. July 5, 2007)(Defendants next argue that the DOC cannot be sued under section 1983 because the DOC is not a "person" within the meaning of that section. We agree.); *Bey v. Pennsylvania Dep't of Corrections*, 98 F. Supp. 2d 650 (E.D. Pa. 2000)(It is well settled that the DOC is a state agency entitled to Eleventh Amendment immunity).

5.    Wenhold should be dismissed.

Plaintiffs added Richard Wenhold as a defendant.  Wenhold is the DOC's Infection Control Coordinator.  Wenhold is a member of the DOC Hepatitis C Treatment Committee.

Individual government defendants in a civil rights action must have personal involvement in the alleged wrongdoing. *Evancho*.  Liability cannot be predicated solely on the operation of respondeat superior. *Id.*  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. *Id.*  A plaintiff must plead defendants through their own actions violated the Constitution. *Ashcroft.*

It does not appear Plaintiffs make any specific allegations against Wenhold. Rather, he is being sued solely because of his position on the Hepatitis C

Treatment Committee. As his title implies, his role is purely administrative. He makes no decisions as to inmate treatment. Specifically, he does not decide who does or does not get DAAD. Nor does he create HCV treatment policy.

Plaintiffs are aware that Wenhold's role is purely administrative. They learned this through discovery. It is inexplicable why Plaintiffs added Wenhold as a defendant. Thus, Wenhold should be dismissed. See, *Mitchell v. Dep't of Corr.*, 2013 U.S. Dist. LEXIS 185011 (E.D. Pa. August 30, 2013)(Both defendants only held administrative and supervisory positions. ... As such, claim two should be dismissed as to defendants DiGuglielmo and Spagnoletti.).

### Conclusion

**WHEREFORE**, DOC Defendants respectfully request that the Motion be granted.

Respectfully submitted,

By:    /s/ Vincent R. Mazeski
      Vincent R. Mazeski
      Assistant Counsel
      Attorney I.D. No. PA73795
      Pennsylvania Department of Corrections
      Office of Chief Counsel
      1920 Technology Parkway
      Mechanicsburg, PA 17050
      (717) 728-7763
      Fax No.: (717) 728-0307
      Email: vmazeski@pa.gov

Dated: February 8, 2017

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SALVATORE CHIMENTI, *et al.*,

      Plaintiffs,

      v.

PA DOC, *et al.*,

      Defendants

:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION

Judge John R. Padova

NO. 15-03333

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the within Brief has been filed electronically and is available for viewing and downloading from the ECF system by Counsel for Plaintiffs and Counsel for Medical Defendants and therefore satisfies the service requirements under *Fed.R.Civ.P. 5(b)(2)(E); L.R. 5.1.2 8(a).*

           By:   /s/ Vincent R. Mazeski
                  Vincent R. Mazeski
                  Assistant Counsel
                  Attorney I.D. No. PA73795
                  Pennsylvania Department of Corrections
                  Office of Chief Counsel
                  1920 Technology Parkway
                  Mechanicsburg, PA  17050
                  (717) 728-7763

Dated:  February 8, 2017