IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

SALVATORE CHIMENTI, DANIEL
LEYVA, DAVID MALDONADO, and all
others similarly situated,

vs.

PENNSYLVANIA DEPARTMENT
CORRECTIONS; JOHN WETZEL; PAUL
NOEL; CHRISTOPHER OPPMAN; DR.
KEPHART; JOSEPH C. KORSZNIAK;
CORRECT CARE SOLUTIONS; DR.
NICHOLAS SCHARFF; WEXFORD
HEALTH SOURCES, INC.; DR. THOMAS
LEHMAN.

*FILED ELECTRONICALLY*

CIV. ACTION NO. 2:15-cv-03333

**DEFENDANTS, WEXFORD HEALTH SOURCES, INC., CORRECT
CARE SOLUTIONS, LLC, DR. JAY COWAN, DR. JOHN KEPHART,
DR. JAMES FROMMER'S ANSWER TO PLAINTIFFS' AMENDED
COMPLAINT WITH AFFIRMATIVE DEFENSES**

Now come Defendants, Wexford Health Sources, Inc., Correct Care Solutions, LLC
(which is improperly referred to in the caption as "Correct Care Solutions"), Dr. Jay Cowan, Dr.
John Kephart, and Dr. James Frommer, by and through their attorneys, Weber Gallagher
Simpson Stapleton Fires & Newby LLP, and file the within Answer to Plaintiffs' Amended
Complaint with Affirmative Defenses.

1.    The allegations contained within the corresponding paragraph of Plaintiffs'
amended Complaint are denied and, if relevant, strict proof thereof is demanded at trial.

2.    The allegations contained within the corresponding paragraph of Plaintiffs'
amended Complaint are denied and, if relevant, strict proof thereof is demanded at trial.
Moreover, the allegations contained within the corresponding paragraph of Plaintiffs' Amended
Complaint are legal conclusions for which no response is required.

**Jurisdiction and Venue**

3.      The corresponding paragraph of Plaintiffs' Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendants deny the same and demand strict proof thereof at trial.

4.      The corresponding paragraph of Plaintiffs' Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendants deny the same and demand strict proof thereof at trial.

**Parties**

5.      Denied as stated.  It is admitted only that, at all times relevant to the Amended Complaint, Salvatore Chimenti was an adult individual who was incarcerated within the Pennsylvania Department of Corrections at S.C.I.-Smithfield.  All other allegations are denied and, if relevant, strict proof thereof is demanded at trial.

6.      Denied as stated.  It is admitted only that, at all times relevant to the Amended Complaint, Daniel Leyva was an adult individual who was incarcerated within the Pennsylvania Department of Corrections at S.C.I.-Retreat.  All other allegations are denied and, if relevant, strict proof thereof is demanded at trial.

7.      Denied as stated.  It is admitted only that, at all times relevant to the Amended Complaint, David Maldonado was an adult individual who was incarcerated within the Pennsylvania Department of Corrections at S.C.I.-Graterford.  All other allegations are denied and, if relevant, strict proof thereof is demanded at trial.

8.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint and same are, therefore, denied.

9.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint and same are, therefore, denied.

10.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint and same are, therefore, denied.

11.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint and same are, therefore, denied.

12.     Denied as stated.  It is admitted only that Correct Care Solutions, LLC, which has a principal office in Nashville, TN, was under contract with the Pennsylvania Department of Corrections to provide medical treatment to incarcerated inmates from September 1, 2014 to the present time.  All other allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are legal conclusions for which no response is required.

13.     Denied as stated.  It is admitted only that Dr. Jay Cowan currently serves as the statewide Medical Director for Correct Care Solutions, LLC.  It is denied that Dr. Cowan served on the DOC's Hepatitis C Treatment Committee.  All other allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are legal conclusions for which no response is required.

14.     Denied as stated.  It is admitted only that Dr. Kephart is a physician licensed by the Commonwealth of Pennsylvania, who was previously employed as the Medical Director at SCI-Smithfield.  All other allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are legal conclusions for which no response is required.

15.     Denied as stated.  It is admitted only that Dr. Frommer is a physician licensed by the Commonwealth of Pennsylvania, who was previously employed as the Medical Director at SCI-Smithfield.  All other allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are legal conclusions for which no response is required.

16.     Denied as stated.  It is admitted only that Wexford Health Sources, Inc., which has a principal office in Pittsburgh, PA, was under contract with the Pennsylvania Department of Corrections to provide medical treatment to incarcerated inmates from January 1, 2013 through August 31, 2014.   All other allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are legal conclusions for which no response is required.


**Facts**

17.     The allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are denied as medical conclusions, for which no response is required.  If relevant, strict proof thereof is demanded at trial.

18.     The allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are denied as medical conclusions, for which no response is required.  If relevant, strict proof thereof is demanded at trial.

19.     The allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are denied as medical conclusions, for which no response is required.  If relevant, strict proof thereof is demanded at trial.

20.     The allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are denied as medical conclusions, for which no response is required.  If relevant, strict proof thereof is demanded at trial.

21.     The allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are denied as medical conclusions, for which no response is required.  If relevant, strict proof thereof is demanded at trial.

22.     The allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are denied and, if relevant, strict proof thereof is demanded at trial.

23.     The allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are denied as medical conclusions, for which no response is required.  If relevant, strict proof thereof is demanded at trial.

24.     The allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are denied as medical conclusions, for which no response is required.  If relevant, strict proof thereof is demanded at trial.

25.     The allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are denied as medical conclusions, for which no response is required.  If relevant, strict proof thereof is demanded at trial.

26.     The allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are denied as medical conclusions, for which no response is required.  If relevant, strict proof thereof is demanded at trial.

27.    The allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are denied and, if relevant, strict proof thereof is demanded at trial.

28.    It is denied that Answering Defendants were negligent and/or deliberately indifferent to the serious medical needs of inmates with Hepatitis C.  To the contrary, at all times relevant, Answering Defendants used proper and reasonable care in the treatment of Plaintiffs, and others similarly situated, and abided by the Hepatitis C Treatment Protocol formulated and enforced by the Pennsylvania Department of Corrections.   All other allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are denied and, if relevant, strict proof thereof is demanded at trial.

29.    Denied as stated.   It is admitted only that the Pennsylvania Department of Corrections created and enforced a Hepatitis C Treatment Protocol, which identifies guidelines for the treatment of inmates with Hepatitis C.  All other allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are denied and, if relevant, strict proof thereof is demanded at trial.

30.    The allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are denied and, if relevant, strict proof thereof is demanded at trial.

31.    The allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are denied as medical conclusions, for which no response is required.  If relevant, strict proof thereof is demanded at trial.

32.    The allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are denied and, if relevant, strict proof thereof is demanded at trial.

33.    It is denied that Answering Defendants were negligent and/or deliberately indifferent to the serious medical needs of inmates with Hepatitis C.  To the contrary, at all times

relevant, Answering Defendants used proper and reasonable care in the treatment of Plaintiffs, and others similarly situated, and abided by the Hepatitis C Treatment Protocol formulated and enforced by the Pennsylvania Department of Corrections.   All other allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are denied and, if relevant, strict proof thereof is demanded at trial.

34.     The Opinion articulated in the corresponding paragraph of Plaintiffs' Amended Complaint is a document that speaks for itself.   Any attempt to misphrase, paraphrase, or misstate the same is denied and, if relevant, strict proof thereof is demanded at trial.

35.     Denied as stated.  It is admitted only that, at the time of the subject care provided by Answering Defendants, Mr. Chimenti was incarcerated within the Pennsylvania Department of Corrections at S.C.I.-Smithfield.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of all other allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

36.     Mr. Chimenti's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

37.     Mr. Chimenti's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

38.     Mr. Chimenti's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in

the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

39.     Mr. Chimenti's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

40.     Mr. Chimenti's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

41.     Mr. Chimenti's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

42.     Mr. Chimenti's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

43.     Mr. Chimenti's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

44.     Mr. Chimenti's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

45.     It is denied that Dr. Frommer and/or Dr. Kephart delayed and/or denied Mr. Chimenti treatment.  To the contrary, at all times relevant, Answering Defendants used proper and reasonable care in the treatment of Plaintiff, and followed the Hepatitis C Treatment Protocol created and enforced by the Pennsylvania Department of Corrections.    By way of further response, the corresponding paragraph of Plaintiffs' Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendants deny the same and strict proof thereof is demanded at trial.

46.     It is denied that Wexford Health Sources, Inc., Correct Care Solutions, LLC, Dr. Frommer and/or Dr. Kephart acted with deliberate indifference to Mr. Chimenti's serious medical needs.  To the contrary, at all times relevant, Answering Defendants used proper and reasonable care in the treatment of Plaintiff, and followed the Hepatitis C Treatment Protocol created and enforced by the Pennsylvania Department of Corrections.    By way of further response, the corresponding paragraph of Plaintiffs' Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendants deny the same and strict proof thereof is demanded at trial.

47.     It is denied that Answering Defendants delayed and/or denied Mr. Chimenti treatment.  To the contrary, at all times relevant, Answering Defendants used proper and reasonable care in the treatment of Plaintiff, and followed the Hepatitis C Treatment Protocol created and enforced by the Pennsylvania Department of Corrections.    By way of further

response, the corresponding paragraph of Plaintiffs' Amended Complaint states a legal conclusion for which no response is required. To the extent a response is required, Answering Defendants deny the same and strict proof thereof is demanded at trial.

48.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint and same are, therefore, denied.

49.     The emails referenced in Plaintiffs' Amended Complaint are documents that speak for themselves. Any attempt to misphrase, paraphrase, or misstate the same is denied and, if relevant, strict proof thereof is demanded at trial. By way of further response it is denied that Answering Defendants made the decision to deny treatment to Mr. Chimenti.

50.     Denied as stated. It is admitted only that Dr. Kephart and Dr. Frommer, as the Site Medical Directors for SCI-Smithfield, provided medical care to Mr. Chimenti and made requests for referrals only as permitted by the Pennsylvania Department of Corrections' Hepatitis C Treatment Protocol.

51.     Mr. Chimenti's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves. To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant. By way of further response, at all times relevant, Dr. Frommer acted within the standard of care in treating Mr. Chimenti, and followed the Hepatitis C Treatment Protocol that was created and enforced by the Pennsylvania Department of Corrections

52.     Mr. Chimenti's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves. To the extent that the allegations contained in

the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

53.     It is denied that Answering Defendants delayed and/or denied Mr. Chimenti treatment.  To the contrary, at all times relevant, Answering Defendants used proper and reasonable care in the treatment of Plaintiff, and followed the Hepatitis C Treatment Protocol created and enforced by the Pennsylvania Department of Corrections.   All other allegations are denied and, if relevant, strict proof thereof is demanded at trial.

54.     Mr. Chimenti's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

55.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint and same are, therefore, denied.

56.     It is denied that Answering Defendants delayed and/or denied Mr. Chimenti treatment.  To the contrary, at all times relevant, Answering Defendants used proper and reasonable care in the treatment of Plaintiff, and followed the Hepatitis C Treatment Protocol created and enforced by the Pennsylvania Department of Corrections.   All other allegations are denied and, if relevant, strict proof thereof is demanded at trial.

57.     It is denied that Answering Defendants delayed and/or denied Mr. Chimenti treatment.  To the contrary, at all times relevant, Answering Defendants used proper and reasonable care in the treatment of Plaintiff, and followed the Hepatitis C Treatment Protocol

created and enforced by the Pennsylvania Department of Corrections.   All other allegations are denied and, if relevant, strict proof thereof is demanded at trial.

58.     It is denied that Answering Defendants were deliberately indifferent to the serious medical needs of Mr. Chimenti, or other inmates similarly situated.  To the contrary, at all times relevant, Answering Defendants used proper and reasonable care in the treatment of PaDOC inmates, and followed the Hepatitis C Treatment Protocol created and enforced by the Pennsylvania Department of Corrections.   All other allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are legal conclusions for which no response is required.

59.     Denied as stated.  It is admitted only that, at the time of the subject care provided by Answering Defendants, Mr. Levya was incarcerated within the Pennsylvania Department of Corrections at S.C.I.-Retreat.   Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of all other allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

60.     Mr. Levya's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

61.     Mr. Levya's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

62.     Mr. Levya's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

63.     The allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are denied and, if relevant, strict proof thereof is demanded at trial.

64.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint and same are, therefore, denied.

65.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint and same are, therefore, denied.

66.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint and same are, therefore, denied.

67.     Mr. Levya's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

68.     Mr. Levya's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

69.     Denied as stated.  It is admitted only that, at the time of the subject care provided by Answering Defendants, Mr. Maldonado was incarcerated within the Pennsylvania Department of Corrections at S.C.I.-Graterford.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of all other allegations contained within the corresponding paragraph of Plaintiff's Amended Complaint and same are, therefore, denied.

70.     Mr. Maldonado's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

71.     Mr. Maldonado's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

72.     Mr. Maldonado's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

73.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint and same are, therefore, denied.

74.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint and same are, therefore, denied.

75.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint and same are, therefore, denied.

76.     Mr. Maldonado's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

77.     The allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are denied and, if relevant, strict proof thereof is demanded at trial.

78.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint and same are, therefore, denied.

79.     Mr. Maldonado's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Amended Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

**Class Action Allegations**

80.     The corresponding paragraph of Plaintiffs' Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendants deny the same and demand strict proof thereof at trial.

81.     The corresponding paragraph of Plaintiffs' Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendants deny the same and demand strict proof thereof at trial.

82.     It is denied that Answering Defendants were deliberately indifferent to the serious medical needs of Plaintiffs, or other inmates similarly situated.  To the contrary, at all times relevant, Answering Defendants used proper and reasonable care in the treatment of PaDOC inmates, and followed the Hepatitis C Treatment Protocol created and enforced by the Pennsylvania Department of Corrections.    All other allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are legal conclusions for which no response is required.

83.     The corresponding paragraph of Plaintiffs' Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendants deny the same and demand strict proof thereof at trial.

84.     The corresponding paragraph of Plaintiffs' Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendants deny the same and demand strict proof thereof at trial.

85.     The corresponding paragraph of Plaintiffs' Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendants deny the same and demand strict proof thereof at trial.

86.     The corresponding paragraph of Plaintiffs' Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendants deny the same and demand strict proof thereof at trial.

87.     The corresponding paragraph of Plaintiffs' Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendants deny the same and demand strict proof thereof at trial.

88.     The corresponding paragraph of Plaintiffs' Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendants deny the same and demand strict proof thereof at trial.

**COUNT I: DEPRIVATION OF EIGHTH AMENDMENT RIGHTS**

89.     Answering Defendants incorporate by reference the answers to paragraphs 1 through 88 inclusive, as fully as though the same were set forth herein at length.

90.     The Court Order dated August 7, 2017 dismisses Count I as it applies to Wexford Health Sources, Inc., Correct Care Solutions, LLC, and Dr. Jay Cowan and, therefore, no response is being provided with regard to these Defendants.  By way of further response, it is denied that the remaining Answering Defendants, Dr. Kephart and Dr. Frommer, were deliberately indifferent to the serious medical needs of Mr. Chimenti.  To the contrary, at all times relevant, Answering Defendants used proper and reasonable care in the treatment of Mr. Chimenti, and followed the Hepatitis C Treatment Protocol created and enforced by the Pennsylvania Department of Corrections.   All other allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are legal conclusions for which no response is required.

WHEREFORE, Answering Defendants, Wexford Health Sources, Inc., Correct Care Solutions, LLC, Dr. Jay Cowan, Dr. John Kephart, and Dr. James Frommer, demand judgment in their favor and against the Plaintiffs, dismissing Plaintiffs' Amended Complaint together with an award of costs and disbursements incurred by Answering Defendants, including attorneys' fees together with such other relief in favor of Answering Defendants as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II: DEPRIVATION OF RIGHTS UNDER ARTICLE 13 OF THE PENNSYLVANIA CONSTITUTION

91.     Answering Defendants incorporate by reference the answers to paragraphs 1 through 90 inclusive, as fully as though the same were set forth herein at length.

92.     The Court Order dated August 7, 2017 dismisses Count II as it applies to Wexford Health Sources, Inc., Dr. Kephart, and Dr. Frommer and, therefore, no response is being provided with regard to these Defendants.  By way of further response, it is denied that the remaining Answering Defendants, Correct Care Solutions, LLC and/or Dr. Cowan, failed to provide adequate medical care or were deliberately indifferent to the serious medical needs of Plaintiffs or those similarly situated.  To the contrary, at all times relevant, Answering Defendants used proper and reasonable care in the treatment of PaDOC inmates, and followed the Hepatitis C Treatment Protocol created and enforced by the Pennsylvania Department of Corrections. All other allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are legal conclusions for which no response is required.

WHEREFORE, Answering Defendants, Wexford Health Sources, Inc., Correct Care Solutions, LLC, Dr. Jay Cowan, Dr. John Kephart, and Dr. James Frommer, demand judgment in their favor and against the Plaintiffs, dismissing Plaintiffs' Amended Complaint together with an

award of costs and disbursements incurred by Answering Defendants, including attorneys' fees together with such other relief in favor of Answering Defendants as this Honorable Court shall deem appropriate under the circumstances.

## COUNT III: MEDICAL MALPRACTICE

93.     Answering Defendants incorporate by reference the answers to paragraphs 1 through 92 inclusive, as fully as though the same were set forth herein at length.

94.     It is denied that Answering Defendants were negligent or otherwise breached the standard of care in their treatment of PaDOC inmates with Hepatitis C.  To the contrary, at all times relevant, Answering Defendants used proper and reasonable care in the treatment of PaDOC inmates, and followed the Hepatitis C Treatment Protocol created and enforced by the Pennsylvania Department of Corrections. All other allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are legal conclusions for which no response is required.

WHEREFORE, Answering Defendants, Wexford Health Sources, Inc., Correct Care Solutions, LLC, Dr. Jay Cowan, Dr. John Kephart, and Dr. James Frommer, demand judgment in their favor and against the Plaintiffs, dismissing Plaintiffs' Amended Complaint together with an award of costs and disbursements incurred by Answering Defendants, including attorneys' fees together with such other relief in favor of Answering Defendants as this Honorable Court shall deem appropriate under the circumstances.

## COUNT IV: MEDICAL MALPRACTICE & VICARIOUS LIABILITY

95.     Answering Defendants incorporate by reference the answers to paragraphs 1 through 94 inclusive, as fully as though the same were set forth herein at length.

96.     It is denied that Answering Defendants and/or their agents were negligent or otherwise breached the standard of care in their treatment of PaDOC inmates with Hepatitis C. To the contrary, at all times relevant, Answering Defendants used proper and reasonable care in the treatment of PaDOC inmates, and followed the Hepatitis C Treatment Protocol created and enforced by the Pennsylvania Department of Corrections. All other allegations contained within the corresponding paragraph of Plaintiffs' Amended Complaint are legal conclusions for which no response is required.

WHEREFORE, Answering Defendants, Wexford Health Sources, Inc., Correct Care Solutions, LLC, Dr. Jay Cowan, Dr. John Kephart, and Dr. James Frommer, demand judgment in their favor and against the Plaintiffs, dismissing Plaintiffs' Amended Complaint together with an award of costs and disbursements incurred by Answering Defendants, including attorneys' fees together with such other relief in favor of Answering Defendants as this Honorable Court shall deem appropriate under the circumstances.

### RELIEF

97.     The corresponding paragraph of Plaintiffs' Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendants deny the same and demand strict proof thereof at trial.

98.     The corresponding paragraph of Plaintiffs' Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendants deny the same and demand strict proof thereof at trial.

99.     The corresponding paragraph of Plaintiffs' Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendants deny the same and demand strict proof thereof at trial.

100.     The corresponding paragraph of Plaintiffs' Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendants deny the same and demand strict proof thereof at trial.

101.     The corresponding paragraph of Plaintiffs' Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendants deny the same and demand strict proof thereof at trial.

102.     The corresponding paragraph of Plaintiffs' Amended Complaint states a legal conclusion for which no response is required.  To the extent a response is required, Answering Defendants deny the same and demand strict proof thereof at trial.

WHEREFORE, Answering Defendants, Wexford Health Sources, Inc., Correct Care Solutions, LLC, Dr. Jay Cowan, Dr. John Kephart, and Dr. James Frommer, demand judgment in their favor and against the Plaintiffs, dismissing Plaintiffs' Amended Complaint together with an award of costs and disbursements incurred by Answering Defendants, including attorneys' fees together with such other relief in favor of Answering Defendants as this Honorable Court shall deem appropriate under the circumstances.

### *AFFIRMATIVE DEFENSES*

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiffs have failed to fully and properly exhaust available administrative remedies, Plaintiffs' claims against Defendants are barred by the Prisoner Litigation Reform Act, 42 U.S.C. §1997e.

### THIRD AFFIRMATIVE DEFENSE

Defendants plead as defenses all limitations on damages imposed by 42 U.S.C. §1997e, including the limitation on recovery for mental or emotional injury and the limitation on attorneys' fees.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to state a claim for relief or cause of action upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

At no time did Defendants deprive Plaintiffs of any right as protected under the Eighth Amendment to the United States Constitution, 42 U.S.C.A. § 1983, or any other state or federally protected right or privilege.

### SIXTH AFFIRMATIVE DEFENSE

At no time did Defendants demonstrate any indifference, deliberate or otherwise, toward any legitimate and/or serious medical need of the Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

At no time did Defendants fail to provide necessary medical care or otherwise refuse to treat or intentionally maltreat Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

At all times Plaintiffs were provided reasonable and appropriate treatment in accordance with applicable state and federal laws and the United States Constitution and Pennsylvania Constitution.

## NINTH AFFIRMATIVE DEFENSE

Any injuries and/or damages actually sustained by Plaintiffs, which are herein specifically denied, were caused by themselves or other persons, entities or events, over which Defendants had no control or duty to control.

## TENTH AFFIRMATIVE DEFENSE

The treatment afforded to Plaintiffs was, at all material times, in accordance with the applicable standards of professional medical care.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants plead all defenses afforded to them pursuant to the MCARE Act at 40 P.S. 1303.101 et seq.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to allege and/or set forth a cognizable claim for punitive damages and/or exemplary damages against Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' cause of action is barred in whole or reduced in part by the applicable doctrines of assumption of the risk, comparative negligence, and/or contributory negligence.

## FOURTEENTH AFFIRMATIVE DEFENSE

At no time did Defendants deprive Plaintiffs of any right as protected Article 13 of the Pennsylvania Constitution, or any other state protected right or privilege.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to allege and/or set forth a cognizable claim for a violation of 42 U.S.C. § 1983.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to allege and/or set forth a cognizable claim for professional negligence and/or corporate negligence.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to allege and/or set forth a cognizable claim for vicarious liability.

## EIGHTEENTH AFFIRMATIVE DEFENSE

"Correct Care Solutions" is not a proper business name of any of the Answering Defendants and, thus, is not capable of being sued.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend their Answer and Affirmative Defenses and to assert each and every affirmative defense as provided by Rules 8 and 12(b) of the Federal Rules of Civil Procedure or otherwise as the facts of this case are developed after investigation and discovery.

Respectfully submitted,

WEBER GALLAGHER SIMPSON STAPLETON
FIRES & NEWBY LLP

BY: _____
Samuel H. Foreman, Esquire
sforeman@wglaw.com
PA77096

Caitlin J. Goodrich, Esquire
cgoodrich@wglaw.com
PA209256

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY, LLP
4 PPG Place, 5th Floor
Pittsburgh, PA 15222
(412) 281-4541
(412) 281-4547 FAX

## <u>CERTIFICATE OF SERVICE</u>

I, Caitlin J. Goodrich, Esquire, hereby certify that on this date a true and correct copy of the foregoing **ANSWER TO AMENDED COMPLAINT** was sent by VIA ECF/CM to the following:

| | |
|---|---|
| David Rudovsky, Esquire<br>Kairys, Rudovsky, Messing & Feinberg LLP<br>718 Arch Street, Suite 501S<br>Philadelphia, PA 19106 | Su Ming Yeh, Esquire<br>Angus Love, Esquire<br>Pennsylvania Institutional Law Project<br>718 Arch Street, Suite 304S<br>Philadelphia, PA 19106 |
| Stephen Brown, Esquire<br>Christine Levin, Esquire<br>Ethan Solove, Esquire<br>Dechert LLP<br>Circa Centre<br>2929 Arch Street<br>Philadelphia, PA 19104 | Vincent R. Mazeski<br>Assistant Counsel<br>Pa. Department of Corrections<br>Office of Chief Counsel<br>1920 Technology Parkway<br>Mechanicsburg, PA 17050 |

WEBER GALLAGHER SIMPSON STAPLETON
FIRES & NEWBY LLP

BY: _____

Samuel H. Foreman, Esquire
sforeman@wglaw.com
PA77096

Caitlin J. Goodrich, Esquire
cgoodrich@wglaw.com
PA209256

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY, LLP
4 PPG Place, 5th Floor
Pittsburgh, PA 15222
(412) 281-4541
(412) 281-4547 FAX

Dated: <u>August 22, 2017</u>